STATE OF CONNECTICUT *v.* STEVEN B. LIEF

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-44366

Argued April 17—decided June 23, 1967

*John A. Vigilante,* of Norwalk, for the appellant (defendant).

*Harold H. Dean,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with operating a motor vehicle without a license in violation of § 14-36 (a) of the General Statutes and improper use of a multiple-lane highway in violation of § 14-236. The defendant pled guilty to the first count and not guilty to the second count and elected trial by the court. He appealed from a judgment of guilty, assigning error in the admission of certain evidence and in the court's conclusion upon all the evidence that he was guilty beyond a reasonable doubt. Upon this last assignment we review the entire evidence.

In his first assignment of error, the defendant has failed to conform to the requirements of § 989 of the Practice Book, and we need not consider it. In considering all of the evidence under the second assignment of error, however, we feel compelled to discuss briefly the first assignment of error.

The facts may be summarized as follows: On October 22, 1965, Officer Fraccola of the Darien police department was dispatched to investigate an

automobile accident on the Post Road in Darien east of Cook's restaurant. Upon arriving at the scene, he saw two sections of a split rail fence knocked down and an automobile off the road in a vacant lot. It was the defendant's automobile. The officer asked the defendant what had happened. The defendant stated that he had purchased a coca cola at Cook's restaurant and placed it on the dashboard. When pulling out of the driveway and making a right turn onto the Post Road, the drink fell to the floor, and upon looking to see what had happened to the drink the defendant took his eyes off the road, knocked down the fence and went into the field. The defendant also admitted that he did not have a motor vehicle operator's license. The Post Road is a public highway consisting of four lanes, two in each direction.

The defendant's only objection to the testimony of the officer was that the defendant had not been advised of his rights and that his statements amounted to a confession. The defendant did not, at the trial, raise the issue of *Miranda* v. *Arizona,* 384 U.S. 436, nor the question of corpus delicti, although he does raise the latter question in his brief on appeal. It is well settled that claims not made at the trial will not be considered on appeal. *State* v. *Taylor,* 153 Conn. 72, 86; *Levine* v. *Randolph Corporation,* 150 Conn. 232, 243; *State* v. *McLaughlin,* 132 Conn. 325, 339. It should be noted that *Miranda* does not preclude on-the-scene questioning of a person, in the investigation of crime, without prior warning, since the person is not then under restraint; *Miranda* v. *Arizona,* supra, 477; furthermore, this trial was held prior to the effective date of *Miranda,* which is June 13, 1966.

As stated before, the question of corpus delicti is not properly before us, and we can only decide the

case on the record before us. The defendant did not take the stand, and the record amply sustains the court's conclusions that the defendant was guilty beyond a reasonable doubt.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.